THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**VIVINT, INC.,**<br><br>　　　　**Defendant.** | **CIVIL ACTION NO. 2:24-cv-98**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff files this complaint for patent infringement against defendant Vivint, Inc. for its unlicensed use of its Smart Hub and similar products that on information and belief infringe two patents:

(1) **Patent Claims 1, 2, 3, 5, 6, 7, 8, 9, 11, 17, 18, 19, 21, 22, 23 of U.S. Patent 8,671,195 ("the '195 Patent")[1] and**

(2) **Patent Claims 11, 6, 8, 9, 12, 17, 19, 20, 22, 27, 30, 32, 37, 39, 42, 47, 49, 50 of U.S. Patent 9,300,723 ("the '723 Patent");** and alleges as follows:

## PARTIES

1.　Plaintiff is a Texas limited liability company with an office at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2.　On information and belief, Defendant Vivint, Inc., has a business location in this district 5212 Tennyson Pkwy Suite 150, Plano, TX 75024, among others in this State, and has employees located throughout the state.

3.　Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391 and 1400.

---

[1] The expiration date is not until February 6, 2032, eight years from 2024, according to independent, third-party Google Patents, as last visited on February 9, 2024.

## ACCUSED INSTRUMENTALITIES

4. Defendant makes, uses, offers to sell, or sells its **Smart Hub and similar products, without authority**, within the United States or imports into the United States during the term of the asserted patents infringe Claims 1, 2, 3, 5, 6, 7, 8, 9, 11, 17, 18, 19, 21, 22, 23 of the '195 Patent and Claims 1, 6, 8, 9, 12, 17, 19, 20, 22, 27, 30, 32, 37, 39, 42, 47, 49, 50 of the '723 Patent.

## COUNT I

### Infringement of United States Patent No. 8,671,195

5. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

6. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

7. Defendant has knowledge of its infringement of the '195 Patent (**Exhibit 1**), at least as of the service of the present complaint.

8. Accordingly, Defendant has infringed and continues to infringe, the '195 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '195 Patent by making, using, importing, selling, and/or offering for sale, as identified in the Claim Chart attached hereto as **Exhibits 3**.

9. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, Claims 1, 2, 3, 5, 6, 7, 8, 9, 11, 17, 18, 19, 21, 22, 23, of the '195 Patent, by having its employees internally test and use the Accused Instrumentalities.

10. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 3**) and references cited, constitutes actual knowledge of infringement as alleged here.

11. **Exhibit 3** includes Claims 1, 2, 3, 5, 6, 7, 8, 9, 11, 17, 18, 19, 21, 22, 23 of the '195 Patent to exemplary Accused Instrumentalities. As set forth in this chart, the Accused

Instrumentalities practice the technology claimed by the '195 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of Claims 1, 2, 3, 5, 6, 7, 8, 9, 11, 17, 18, 19, 21, 22, 23 of the '195 Patent.

12. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 3**.

13. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.



Figure 1 – Excerpt from page 2 of Exhibit 3.



Figure 2 – Excerpt from page 3 of Exhibit 3.



Figure 3 – Excerpt from page 4 of Exhibit 3.



Figure 4 – Excerpt from page 5 of Exhibit 3.

| | |
|---|---|
| structured to permit authorized access to said at least one interactive computer network, | This element is infringed literally, or in the alternative, under the doctrine of equivalents.<br><br>For example, to pair the thermostat device with the smart hub, the thermostat device must be within the range of 100 meters ("a wireless range") of the Z-wave protocol. Further, Z-Wave network and devices in the Z-wave network are identified with their respective unique IDs. The unique IDs prevents unauthorized devices to access the Z-wave network. Therefore, upon information and belief, the thermostat devices that are within the wireless range of the Z-wave protocol are structured to permit authorized access to pair with the smart hub.<br><br>While Z-Wave has a range of 100 meters or 328 feet in open air, building materials reduce that range, it is recommended to have a Z-Wave device roughly every 30 feet, or closer for maximum efficiency. The Z-Wave signal can hop roughly 600 feet, and Z-Wave networks can be linked together for even larger deployments. Each Z-Wave network can support up to 232 Z-Wave devices allowing you the flexibility to add as many devices as you'd like to make sure your Smart Home is working it's hardest.<br><br>Source: https://www.z-wave.com/learn<br><br>In terms of identification and authorization, each Z-Wave network is identified by a network ID and each end device is identified with a node ID. The unique network ID prevents, for example, one Z-Wave-equipped house from controlling devices in another similarly equipped house.<br><br>Source: https://www.techtarget.com/iotagenda/definition/Z-Wave<br><br>Further, to the extent this element is performed at least in part by Defendant's software source code, Plaintiff shall supplement these contentions pursuant to production of such source code by the Company. |
| [1.3] at least one media node | Company provides at least one media node disposable within said wireless range, wherein said at least one media node is detectable by said at least one media terminal. |

Figure 5 – Excerpt from page 6 of Exhibit 3.

5

| | |
|---|---|
| disposable within said wireless range, wherein said at least one media node is detectable by said at least one media terminal, | This element is infringed literally, or in the alternative, under the doctrine of equivalents.<br><br>For example, the smart hub is paired to the thermostat ("one media node") when it is located within the range of the Z-Wave protocol ("disposable within said wireless range"). Further, during pairing, the smart hub searches for the nearby thermostat devices to get paired ("one media node is detectable by said at least one media terminal").<br><br>**Pair a thermostat to the panel/hub:** ——— Media terminal<br>1. Unlock the unit's Installer Toolbox from the Site Manager software. ——— Media Node<br>2. From the panel/hub home screen, select the menu icon (...) then **Software Version**.<br>3. Use the 4-digit code that appeared in Site Manager after unlocking the Installer Toolbox.<br>4. Select **Smart Home Devices**.<br>5. Select **Z-Wave**.<br>6. Select **Add Node**.<br>7. On the thermostat, hold the Vivint Smart Thermostat's side button down for about 6-10 seconds (there is a screen that will pop up after 2 seconds, the second Installer screen will pop up at about 6 seconds).<br>8. Go down to **Installer**.<br>9. Select **Network**.<br>10. Select **Connect**.<br><br>Source: https://support.vivint.com/article/Smart-Properties-Element-Thermostat (annotated)<br><br>Further, to the extent this element is performed at least in part by Defendant's software source code, Plaintiff shall supplement these contentions pursuant to production of such source code by the Company. |
| [1.4] at least one digital media file initially disposed on at least one of said at least one media terminal or | Company provides at least one digital media file initially disposed on at least one of said at least one media terminal or said at least one media node, said at least one media terminal being structured to detect said at least one media node disposed within said wireless range.<br><br>This element is infringed literally, or in the alternative, under the doctrine of equivalents.<br><br>For example, to pair the thermostat to the smart hub, 'smart home devices' settings followed by "Z-wave" and "Add Node" settings are selected on the hub to pair with the thermostat. Further, when the thermostat's side button is held for 6 seconds, it starts searching ("said at least one media terminal being structured to detect said at least one media node") |

Figure 6 – Excerpt from page 7 of Exhibit 3.

| | |
|---|---|
| said at least one media node, said at least one media terminal being structured to detect said at least one media node disposed within said wireless range, | for the Z-wave network, and upon clicking the Connect button for the searched network, the thermostat is paired with the smart hub.<br><br>Furthermore, once the thermostat is connected to the smart hub, the smart hub allows users to control the thermostat by providing various functionalities on the smart hub such as changing room temperature, selecting different modes, and adjusting heating types. Therefore, it would be apparent to a person having ordinary skill in the art that the smart hub stores the settings to adjust the temperature on the thermostat.<br><br>**Pair a thermostat to the panel/hub:**<br>1. Unlock the unit's Installer Toolbox from the Site Manager software.<br>2. From the panel/hub home screen, select the menu icon (...) then **Software Version**.<br>3. Use the 4-digit code that appeared in Site Manager after unlocking the Installer Toolbox.<br>4. Select **Smart Home Devices**.<br>5. Select **Z-Wave**.<br>6. Select **Add Node**.<br>7. On the thermostat, hold the Vivint Smart Thermostat's side button down for about 6-10 seconds (there is a screen that will pop up after 2 seconds, the second Installer screen will pop up at about 6 seconds).<br>8. Go down to **Installer**.<br>9. Select **Network**.<br>10. Select **Connect**.<br><br>Source: https://support.vivint.com/article/Smart-Properties-Element-Thermostat |

Figure 7 – Excerpt from page 8 of Exhibit 3.



Figure 8 – Excerpt from page 9 of Exhibit 3.



Figure 9 – Excerpt from page 10 of Exhibit 3.

7



Figure 10 – Excerpt from page 11 of Exhibit 3.



Figure 11 – Excerpt from page 12 of Exhibit 3.



Figure 12 – Excerpt from page 13 of Exhibit 3.



Figure 13 – Excerpt from page 14 of Exhibit 3.

9



Figure 14 – Excerpt from page 15 of Exhibit 3.

14. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

15. The '195 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

16. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '195 Patent, pursuant to 35 U.S.C. § 271.

17. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '195 Patent, without license or authorization.

18. As a result of Defendant's infringement of the '195 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

19. Plaintiff is in compliance with 35 U.S.C. § 287.

20. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '195 Patent up until the date that Defendant ceases its infringing activities or until expiration projected by Google Patents to be no earlier than February 6, 2032.

21. Defendant's infringement is willful as it had knowledge of the patents through its Freedom to Operate analysis performed on information and belief.

## COUNT 2

## INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723

22. Plaintiff refers to and incorporates the allegations in Paragraphs above, the same as if set forth herein.

23. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

24. Defendant has knowledge of its infringement of the '723 Patent (**Exhibit 2**), at least as of the service of the present complaint.

25. Accordingly, Defendant has infringed and continues to infringe, the '195 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe Claims 1, 6, 8, 9, 12, 17, 19, 20, 22, 27, 30, 32, 37, 39, 42, 47, 49, 50 the '723 Patent by making, using, importing, selling, and/or offering for sale, as identified in the Claim Chart attached hereto as **Exhibits 4**.

26. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, claims 1, 6, 8, 9, 12, 17, 19, 20, 22, 27, 30, 32, 37, 39, 42, 47, 49, 50 of the '723 Patent, by having its employees internally test and use the Accused Instrumentalities.

27. The service of this Complaint, in conjunction with the attached Claim Chart (**Exhibit 4**) and references cited, constitutes actual knowledge of infringement as alleged here.

28. **Exhibit 4** includes claims 1, 6, 8, 9, 12, 17, 19, 20, 22, 27, 30, 32, 37, 39, 42, 47, 49, 50 of the '723 Patent charted to the exemplary Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '723 Patent.

Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of Claims 1, 6, 8, 9, 12, 17, 19, 20, 22, 27, 30, 32, 37, 39, 42, 47, 49, 50 of the '723 Patent.

29. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 4**.

30. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

31. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

32. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

33. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '723 Patent, pursuant to 35 U.S.C. § 271.

34. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '723 Patent, without license or authorization.

35. As a result of Defendant's infringement of the '723 Patent, injured Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

36. Plaintiff is in compliance with 35 U.S.C. § 287.

37. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '723 Patent up until the date that Defendant ceases its infringing activities.

38. Defendant's infringement is willful as it had knowledge of the patent through its Freedom to Operate analysis performed on information and belief.

## DEMAND FOR JURY TRIAL

39. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of Patents (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  February 13, 2024

Respectfully Submitted,

*/s/ Randall T. Garteiser*
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com
M. Scott Fuller
   Texas Bar No. 24036607
   rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**